UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
PB GROUP LLC,             Docket No.

              Plaintiff,

                                                                      **COMPLAINT**

   -against-

                                                                      **JURY TRIAL DEMANDED**

SUN LIFE ASSURANCE COMPANY OF
CANADA,

              Defendant.
---------------------------------------------------------X

      PB GROUP LLC, by its attorneys, Lipsius-BenHaim Law LLP, for its complaint, alleges:

      1.     This is an action seeking a declaration from this Court pursuant to 28 USC § 2201 and § 2202 and Federal Rules of Civil Procedure 57 that a five million dollar ($5,000,000) life insurance policy which was allegedly lapsed by Sun Life Assurance Company of Canada is in full force and effect and has been continuously in full force and effect since the issuance of the policy without any lapses in coverage

### JURISDICTION AND VENUE

      2.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. 1332(a) in that the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and there is complete diversity.

      3.     Venue is proper under 28 U.S.C. 1391.

### PARTIES

      4.     Plaintiff, PB Group LLC (PB Group), is a Delaware limited liability company with a principal place of business in New York.

      5.     The insured Faye Tennebaum is domiciled in New York.

      6.     Upon information and belief, defendant Sun Life Assurance Company of Canada

("Sun Life") is a Canadian company with its principal place of business in the United States in Massachusetts and is licensed to do business in New Jersey.

## ALLEGATIONS

7. Sun Life issued a five million dollar policy ($5,000,000), Policy number 20151604, on the life of Faye Tennenbaum with a policy issue date of September 7, 2007 and a Certificate Date of October 5, 2007 (the "Policy").

8. The Policy is a type of flexible premium universal life insurance policy and in general terms, premiums paid by the policy owner are directed to a policy account. Every month, the cost of insurance and other policy charges are deducted from the policy account and any excess amount in the policy account accrues interest.

9. The Policy was originally owned by the Faye Tennenbaum Family Trust.

10. The beneficiary of the Policy was the Faye Tennenbaum Family Trust.

11. In 2014 the ownership was transferred to PB Group.

12. In 2014 the beneficiary of the Policy was changed to PB Group.

13. Sun Life alleges that it sent a Grace Notice dated May 19, 2017 to PB Group indicating that the life insurance policy would lapse if payment was not made by July 19, 2017 (the "Grace Notice").

14. PB Group did not receive the Grace Notice.

15. Sun Life alleges that it sent a Termination Notice dated July 19, 2017 indicating that the Policy had lapsed ("Termination Notice").

16. PB Group did not receive the Termination Notice.

17. In August 2017 PB Group wired payment to Sun Life.

18. In April of 2018, Sun Life returned the payment that PB Group had wired in

August 2017 indicating that the Policy had been terminated...

19. The Policy Certificate specification page form **ULG-2006G** provides that the "Lapse Protection Monthly Expense Charge" is $.81 per $1000 of specified amount during certificate years 1-5.

20. This Policy Certificate Specification page of the Policy contract is part of the Policy that was issued and delivered.

21. All of the Policy pages are part of form ULG-2006G and ULG-2006G appears at the bottom of each page of the Policy.

22. Sun Life alleges that it sent a letter dated October 18, 2012, retroactively replacing the Policy Specifications page with form ULG-2006, a page that does not conform to the rest of the policy forms, which indicates that during the first 5 years of the Policy (which had already passed) the Policy rate is changed to "$1.23 per $1,000 of specified amount during Policy years 1-5.

23. By its own account, Sun Life has admitted in its letter of October 18, 2012 that the higher rated contained in the new specification page that was attached to the letter, were not in the original signed Policy in 2007 and that the terms of the Policy were being retroactively and unilaterally changed.

24. Under the premium structure contained in the contract and agreed upon by the parties at the time of issuance, the premiums paid up from Policy inception and until that point, would have created a significant surplus value in the Policy account. Instead, Sun Life recalculated the Policy value based on the newly imposed more expensive premium structure, thereby eliminating all or almost all of the Policy account value.

25. The letter of October 18, 2012 further stated that the Policy illustration that was

provided to the original owner was false in that the illustration did not illustrate performance of the Policy based upon the rate and premium structure contained in the Policy as issued and delivered.

26. The illustration falsely represented the Policy rate.

27. By Sun Life's admission, Sun Life issued a false illustration at the time of Policy inception.

28. Upon information and belief, Sun Life intentionally misrepresented the Policy rate, the premium structure and the Policy account value in order to defraud the owner of the Policy and eliminate the surplus value in the Policy accounts.

29. During the life of the Policy, Sun Life sent Annual Statements.

30. In each and every Annual Statement from the first Annual Statement until the alleged lapse of the Policy, Sun Life intentionally and knowingly supplied incorrect and false information to the policy owners that did not reflect the premium charges represented in the Policy.

31. The Annual Statement incorrectly reflects the Policy Accounts.

32. Sun Life substantially overcharged PB Group.

33. In July 2017, Sun Life lapsed the Policy for insufficient funds.

34. In fact, in accordance with the Policy terms, there were sufficient funds in the policy to carry the Policy until April 2019.

35. The Policy owner challenged the calculations indicated that they were not in accordance with the Policy terms and that as there were sufficient funds in the Policy to carry it to April 2019, the Policy should be put back into full force and effect.

36. On or about July 19, 2018, Sun Life further perpetuated its unfair and deceptive

acts and bad faith misrepresentations in a written communication from Sun Life's Director of Reinsurance Strategy, wherein Sun Life again repeated its false assertion that the Policy Lapse Protection Value was negative in July 2017 when, in truth, the value was sufficient to carry the Policy and keep the Policy in force until April 2019.

37. Sun Life further indicated that the Policy lapsed as it was based on the misrepresented rates contained in the letter of October 18, 2012.

38. Sun Life, therefore, breached its duty of good faith and fair dealing and breached its fiduciary duty to the Policy owner.

39. The Policy further provided in the grace period provision as follows:

> **Grace Period**
> If on a Monthly Anniversary Day, this Certificate would lapse by reason of insufficient value, we will allow a Grace Period. This Grace Period will allow 61 days from the date of lapse for the payment of a Premium sufficient to pay the past due charges. Notice of this amount due will be mailed at least 31 days before the end of the Grace Period to your last known address and the last known address of any assignee of record.

40. If Sun Life had properly calculated the premiums due in accordance with the Policy terms there was sufficient value in the Policy on May 19, 2017.

41. If Sun Life had properly calculated the premiums due in accordance with the Policy terms, there was sufficient value in the Policy on July 18, 2017.

42. Sun Life cancelled the Policy while there were sufficient funds in the Policy to carry the Policy to April 2019 as calculated by the agreed upon and guaranteed terms in the no Lapse protection provision of the Policy—the insurance contract.

43. As there were sufficient funds in the policy on May 19, 2917, the grace notice is deficient, not in compliance with the Policy terms and void.

44. Upon information and belief, PB Group contends that there are no premiums due

at this time.

45. No claim has been made under the Policy as the insured, Faye Tennenbaum is alive.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 of the Complaint with the same force and effect as if fully set forth herein.

47. The Policy Certificate specification page form **ULG-2006G** provides that the "Lapse Protection Monthly Expense Charge" is $.81 per $1000 of specified amount during certificate years 1-5.

48. In fact, Sun Life in breach of the Policy contract terms charged a Policy rate of "$1.23 per $1,000 of specified amount during Policy years 1-5.

49. This breach impacted the premiums required to be paid each and every year of the contract until the date of the alleged lapse of the Policy.

50. Sun Life charged almost $200,000 in excess of that mandated by the Policy terms.

51. This breach impacted the grace notice of May 17, 2017.

52. There were sufficient funds in the Policy to cover the May 17, 2017 payments.

53. In fact there were sufficient funds in the Policy to carry the Policy until April 2019.

54. By lapsing the Policy when there were sufficient funds to carry the Policy beyond the lapse date, Sun Life has breached the Contract/Policy.

55. The grace notice is void as it is not in compliance with the terms of the Policy as no payments were due on May 17, 2017 and it required payment in excess of the policy terms.

56. No claim has been made under the Policy as the insured is still alive.

57. By reason of the foregoing, Plaintiff is entitled to a declaration that the Policy is in full force and effect and an accounting of the funds in the Policy and for a declaration requiring defendant to restore the Policy without lapse in coverage.

## SECOND CAUSE OF ACTION

## FRAUD

58. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 57 of the Complaint with the same force and effect as if fully set forth herein.

59. By its own account, Sun Life knowingly and intentionally charged a higher amount than required by the original signed contract.

60. The Original Policy Certificate specification page form **ULG-2006G** provides that the "Lapse Protection Monthly Expense Charge" is $.81 per $1000 of specified amount during certificate years 1-5.

61. This Policy Certificate Specification page of the Policy contract is part of the Policy that was issued and signed.

62. All of the Policy pages are part of form ULG-2006G and ULG-2006G appears at the bottom of each page of the Policy.

63. Over five years after the original Policy was issued, after the five years had passed, upon information and belief, Sun Life realized that it had charged a higher rate than mandated by the contractual terms.

64. Upon information and belief, instead of adjusting the payments to the Policy terms i.e. $.81 per $1,000, Sun Life knowingly, intentionally and with intent to defraud attempted to replace the policy terms and rates for the prior five years retroactively to the higher

rate of $1.23 per $1000.

65. Upon information and belief, the Specifications page which contained the new unilaterally imposed higher rates and which was enclosed with Sun Life's letter of October 18, 2012 is not part of policy form ULG-2006G.

66. Although every page of the Policy as delivered, included the Specification page as delivered, contains a footer with the marking ULG-2006G, the Specification page which contained the new, unilaterally imposed higher rates and which was enclosed with Sun Life's letter of October 18, 2012 does not contain the same footer.

67. Upon information and belief, Sun Life fraudulently forged the Specifications page which was attached to the October 18, 2012 letter.

68. Upon information and belief, the Specifications page which was attached to the October 18, 2012 letter did not exist when the Policy was issued and delivered.

69. During the life of the Policy, Sun Life sent Annual Statements.

70. In each and every Annual Statement from the first Annual Statement until the alleged lapse of the Policy, Sun Life intentionally and knowingly supplied incorrect and false information to the policy owners that did not reflect the premium charges represented in the Policy.

71. Defendant has intentionally and knowingly charged rates in excess of that required by the Policy terms and by so doing has defrauded the policy owners.

72. Defendant issued an illustration materially misrepresenting the terms of the Policy.

73. Defendant had knowledge of the falsity of the documents and misrepresentations and intended that the Policy owner rely on the false documents and misrepresentations to its

detriment and that the Policy owner did rely upon this false information to its detriment.

74. If not for these action, the Policy would still be in full force and effect as there were sufficient funds in the Policy to carry the policy until 2019.

75. If not for these actions, the Policy owner would not have paid as much in premiums in years 1 through 5.

76. By reason of the foregoing, Plaintiff is entitled to a d a money judgment for an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## FAILURE TO SEND A GRACE NOTICE

77. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 76 of the Complaint with the same force and effect as if fully set forth herein.

78. Pursuant to the terms of the Policy, Sun Life was required to send a grace notice before the Policy lapsed.

79. Under New York Insurance Law §3211, Sun Life was required to send a grace notice to Plaintiff which contains the language and information as specified in NY Insurance law §3211 and related statutes.

80. Sun Life failed to send to plaintiff a grace notice as required by the terms of the Policy.

81. Sun Life alleges that it sent a Grace Notice dated May 19, 2017 to PB Group indicating that the life insurance policy would lapse if payment was not made by July 19, 2017.

82. PB Group did not receive the Grace Notice.

83. Sun Life alleges that it sent a Termination Notice dated July 19, 2017 indicating that the Policy had lapsed. ("Termination Notice").

9

84. PB Group did not receive the Termination Notice.

85. Upon information and belief the grace notice and lapse notice, if sent were returned by the postal service to Sun Life.

86. Upon information and belief Sun Life had knowledge that the Policy owners had not received the Grace Notice and termination Notice,.

87. Under the Policy terms, case law and applicable statute defendant's attempt to cancel the Policy is unlawful as Defendant has failed to send the Grace notice to Plaintiff.

88. No claim has been made under the Policy as the insured is alive.

89. By reason of the foregoing, Plaintiff is entitled to a declaration that the policy is in full force and effect and to a declaration requiring defendant to restore the Policy without any lapse in coverage.

## FOURTH CAUSE OF ACTION

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/ BAD FAITH

90. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 89 of the Complaint with the same force and effect as if fully set forth herein.

91. The misrepresentations as to the Policy account and the subsequent lapse of the policy as a result of the misinformation and accounting by Sun Life was a breach of Sun Life's fiduciary duties, its duty of good faith and fair dealing.

92. Sun Life further breached its duty of good faith and fair dealing by sending with full knowledge, a letter of October 2012 and the email of July 2018 containing false and misleading information concerning the Policy, by sending an Illustration that misrepresented the terms of the Policy attempting to justify the non-compliance with Policy terms by retroactively changing the Policy terms, improperly retaining excess funds, overcharging premiums, and

falsely representing that the funds were properly credited to the Policy account.

93. By reason of the foregoing, Plaintiff is entitled to a money judgment in an amount to be determined at trial, a declaration that the policy is in full force and effect, to a declaration requiring defendant to restore the Policy without any lapse in coverage and to attorneys fees.

**WHEREFORE**, plaintiff PB Group respectfully requests that the Court enter a money judgment against Defendant and a declaration that the Policy is in full force and effect, require Sun Life to recalculate the premiums paid in accordance with the Policy terms and adjust account values in accordance with the Policy terms, plus attorneys' fees, together with such other and further relief as this Court may deem just and proper.

Dated: Kew Gardens, New York
October 17, 2018

                                        LIPSIUS-BENHAIM LAW LLP
                                        Attorneys for plaintiffs

                                        By: _____
                                            David BenHaim .
                                        80-02 Kew Gardens Road, Suite 1030
                                        Kew Gardens, New York 11415
                                        212-981-8440